IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAYMOND V. JACKSON, JR.,

    Plaintiff,

v.                                          Civil Action No. 5:11CV185
                                                      (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**
**<u>AFFIRMING AND ADOPTING REPORT AND</u>**
**<u>RECOMMENDATION OF MAGISTRATE JUDGE</u>**

        I.   <u>Background</u>

The plaintiff in this civil action filed claims for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, claiming that he suffered from disability beginning September 28, 2006. His application for benefits was denied both initially and upon reconsideration. The plaintiff then requested a hearing, which was granted and held before Administrative Law Judge ("ALJ") Stephen R. Woody. At this hearing, the plaintiff testified and was represented by an attorney. Vocational expert Larry Ostrowski, Ph.D. appeared and testified at the hearing as well. The ALJ affirmed the denial of the plaintiff's application for benefits on the grounds that the plaintiff was not disabled as that term is defined by the Social Security Act. The Appeals Council denied review, and the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").

The plaintiff then filed this action against the Commissioner seeking review of the final decision of the ALJ. The plaintiff filed a motion for judgment on the pleadings and the defendant filed a motion for summary judgment. United States Magistrate Judge James E. Seibert reviewed the plaintiff's complaint, the motions by the parties and the administrative record, and issued a report and recommendation recommending that the defendant's motion for summary judgment be granted, that the plaintiff's motion for judgment on the pleadings be denied, and that the matter be dismissed. Upon submitting his report, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The plaintiff filed timely objections which argue that the magistrate judge placed insufficient emphasis upon evidence in the record which suggests that the plaintiff is disabled, and focused only on the evidence which supported the ALJ's findings to the contrary.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld

2

unless they are clearly erroneous. Because the plaintiff has objected to the entire report and recommendation, this Court will undertake a de novo review of all of the magistrate judge's findings recommendations therein.

III. Discussion

The plaintiff asserts that the ALJ's decision denying his claims should be overturned because the ALJ failed to properly assess his residual functional capacity ("RFC") by not incorporating all of the plaintiff's limitations caused by all of his significant impairments. As such, the plaintiff argues, the testimony of the vocational expert and the ALJ's ultimate decision were erroneous. The magistrate judge reviewed the findings of the ALJ to determine whether they were "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Stated another way, review is based upon whether evidence existed in the record to support the findings so as to allow a reasonable person to conclude similarly to the ALJ. After reviewing the standard for disability and the five-step evaluation process for determining if a claimant is disabled, the magistrate judge set forth the findings of the ALJ. See 42 U.S.C. § 423(d)(2)(A) (defining disability); 20 C.F.R. § 404.1520 (explaining the five-step sequential evaluation process).

The magistrate judge noted that the error claimed by the plaintiff falls into the considerations made between steps three and four of the analysis, wherein the ALJ must determine a claimant's RFC. 20 C.F.R. § 404.1520(a)(4) and (e). An RFC is defined as "the most you can still do despite your limitations." 20 C.F.R. § 404.1545(a)(1). Pursuant to 20 C.F.R. § 404.1545, the determination of an RFC must be based upon all relevant evidence, including descriptions of limitations that go beyond the symptoms, and observations by treating physicians, psychologists, family, neighbors, friends, or other persons. All of this evidence is considered alongside medical records to allow the ALJ to form a complete determination of the claimant's RFC. Magistrate Judge Seibert also correctly noted that, under Fourth Circuit precedent, an ALJ, in determining an RFC, is only required to include limitations which he believes to be supported by the record, and that, in forming the hypothetical question for a vocational expert, the ALJ need only address limitations found to be both severe, and supported by the record. Gross v. Heckler, 785 F.2d 1163, 1165 (4th Cir. 1986); Russell v. Barnhart, 58 F. App'x 25, 30 (4th Cir. Feb. 7, 2003). This is also true in the ALJ's decision to "accept or reject restrictions included in hypothetical questions suggested by a Claimant's counsel." France v. Apfel, 87 F. Supp. 2d 484, 490 (D. Md. 2000) (citing Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir. 1986)).

4

In finding that the ALJ's determination of the plaintiff's RFC was based upon substantial evidence, Magistrate Judge Seibert first explained that the ALJ sufficiently explained the substantial evidence upon which he based his decision to not entirely credit the plaintiff's subjective description of his symptoms and limitations. The evidence used to support this decision included the fact that, while the plaintiff claimed disability onset of September 28, 2006, he did not file for benefits until June 18, 2008. Substantial evidence in this regard was also found in the ALJ's determination that the plaintiff's daily activities were not consistent with his description of the severity of his condition.

The magistrate judge then concluded that the ALJ properly considered all of the medical evidence, and that his RFC determination that the plaintiff's medical records did not support a finding that the plaintiff is unable to sustain employment was supported by substantial evidence. Magistrate Judge Seibert took note of a number of medical records which indicated pain improvement and lack of severe movement impairment. These records also indicated that the plaintiff himself often indicated in the medical records that his pain and limitations were less severe than he described them at the hearing.

The magistrate judge also concluded that the ALJ's consideration of the plaintiff's daily activities, which the plaintiff testified included exercising, walking in the woods,

lifting 30 to 40 pounds with his arms and 20 to 25 pounds when bending over, properly led to the conclusion that the plaintiff was not limited to the point of inability to perform any work. Finally, the magistrate judge took note of the ALJ's explanation of his decision to credit the RFC assessments of State Agency Consultants Thomas Lauderman, D.O. and Porfirio Pascasio, M.D. The ALJ supported this decision by explaining that these assessments were "generally based upon the full longitudinal record." As such, Magistrate Judge Seibert reported that the ALJ's RFC determination was adequately supported and was based in substantial fact within the record. For the reasons that follow, by de novo review, this Court agrees with the magistrate judge's findings and will affirm and adopt the report and recommendation in its entirety.

In the plaintiff's objections to the report and recommendation, he argues that the magistrate judge erred in focusing only on evidence which supported the ALJ's RFC determination, and seemingly failing to consider evidence which supports a finding otherwise. The plaintiff then lays out evidence which he believes supports a finding that the ALJ erred as the plaintiff claims. This Court does not quarrel with the plaintiff's presentation of the existence of facts which may support a finding other than that reached by the ALJ. However, the plaintiff's objection misconstrues the standard for review with which this Court is charged in this case. It is not the position of the

6

district court in cases such as this to independently determine the plaintiff's RFC, or even to decide whether it agrees with the findings of the ALJ in this regard. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 2001). Rather, as was well articulated by Magistrate Judge Seibert in his report and recommendation, the role of this Court is only to determine whether the ALJ's determination was supported by "substantial evidence." Id. This standard requires only that this Court find that "such relevant evidence [exists] as a reasonable mind might accept as adequate to support a conclusion" in line with that reached by the ALJ. Pierce v. Underwood, 487 U.S. 552, 664-65 (1988). As such, while evidence may well exist to support the conclusion opposite to that reached by the ALJ, such is not a concern of this Court–even if the evidence on either side could reasonable be considered to be equal–so long as substantial evidence exists to support the decision of the ALJ.

Considering the above standard of review, upon de novo review of the magistrate judge's report and recommendation, the briefing submitted by the parties, and the administrative record, along with the opinion of the ALJ, this Court agrees with the magistrate judge that the ALJ's RFC determination was supported by substantial evidence. The ALJ properly considered the testimony of the plaintiff as required under 20 C.F.R. § 404.1545. However, he found a basis in the medical records, which is detailed in depth by

7

the magistrate judge in his report and recommendation and summarized above, to not entirely credit the plaintiff's subjective testimony regarding the severity of his pain and his limitations therefrom. Such a finding is well within the discretion of the presiding ALJ. See Gross, 785 F.2d at 1165. Further, the hypothetical question posed to the vocational expert was one that the ALJ found to be supported by the record and which included all limitation which the ALJ determined to be severe. This determination is also within the discretion of the ALJ. See Russell, 58 F. App'x at 30; and see France, 87 F. Supp. 2d at 490. Further, each of these determinations were supported by substantial evidence as outlined in the magistrate judge's report and recommendation and summarized above.

This Court does not disagree with the plaintiff's contention that evidence can be found on the record to support the conclusions which the plaintiff urges this Court to adopt. However, this Court has considered the entirety of the evidence presented along with the opinion of the ALJ, and substantial evidence exists on the record to allow a reasonable mind to reach the conclusion reached by the ALJ. Accordingly, this Court overrules the plaintiff's objections and affirms and adopts the report and recommendation of the magistrate judge.

IV. <u>Conclusion</u>

After a <u>de novo</u> review, this Court AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. The defendant's motion for summary judgment (ECF No. 12) is thus GRANTED and the plaintiff's motion for judgment on the pleadings (ECF No. 11) is DENIED. The decision of the Commissioner is hereby AFFIRMED. It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment in favor of the defendant.

DATED:    December 18, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE